**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                          Case No. 11-35038

DARRELL RAY YOUNG
dba COMPULEGAL CONSULTING
BRENDA LEE YOUNG

        Debtors

**MEMORANDUM ON
MOTION TO AVOID JUDICIAL LIEN
AND OBJECTION TO EXEMPTIONS**

**APPEARANCES:**    BOND, BOTES & LAWSON, P.C.
                            Cynthia T. Lawson, Esq.
                            6704 Watermour Way
                            Knoxville, Tennessee 37912
                            Attorneys for Debtors

                        HODGES, DOUGHTY & CARSON, PLLC
                            Kandi R. Yeager, Esq.
                            Post Office Box 869
                            Knoxville, Tennessee 37901-0869
                            Attorneys for Knoxville TVA Employees Credit Union

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Motion to Avoid Judicial Lien filed by the Debtors on December 8, 2011, asking the court to avoid, pursuant to 11 U.S.C. § 522(f) (2006), the judgment lien of Knoxville TVA Employees Credit Union encumbering the Debtors' residential real property located in Grainger County, Tennessee, which the Debtors aver impairs their homestead exemption. Knoxville TVA Employees Credit Union (Credit Union) filed the Response of Knoxville TVA Employees Credit Union in Opposition to Debtors' Motion to Avoid Judicial Lien on December 27, 2011, arguing that the Debtors own two parcels of real property and they are entitled to claim the homestead exemption only in their principal residence.[1] The Credit Union also filed, on December 27, 2011, an Objection to Debtors' Claim of Exemption objecting to the Debtors' claimed homestead exemption.

The facts and documents essential for the resolution of this contested matter are before the court through the Joint Stipulation of Facts and Documents filed by the parties on March 22, 2012. The Brief in Support of Avoiding Judicial Lien was filed by the Debtors on April 4, 2012, and the Memorandum of Law in Support of Knoxville TVA Employees Credit Union's Response in Opposition to Debtors' Motion to Avoid Judicial Lien and Objection to Debtors' Claim of Exemption was filed by the Credit Union on April 4, 2012. The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of material undisputed facts of record in the Debtors' bankruptcy case.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(K) (2006).

---

[1] As acknowledged by the Credit Union in its brief and in the Joint Statement of Issues filed by the parties on February 24, 2012, the Debtors, in fact, only own a single parcel of real property.

# I

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 7 on November 4, 2011. They were granted a general discharge of their debts on February 17, 2012. JT. STIPS. at ¶ 8. The assets of the Debtors include real property located at 250 Tampico Church Road, Rutledge, Grainger County, Tennessee (Tampico Church Road Property), which is improved with a dwelling used by the Debtors as their principal residence (Residence) and a second residential structure (Farmhouse) that is unoccupied. JT. STIPS. at ¶¶ 2-3. The Debtors have claimed a homestead exemption in the amount of $50,000.00 in the Tampico Church Road Property. JT. STIPS. at ¶ 7.

The Tampico Church Road Property is encumbered by a mortgage in favor of Bank of America approximating $96,000.00 which is evidenced by a Deed of Trust. JT. STIPS. at ¶ 4. The Credit Union is a creditor of the Debtors, holding a perfected judgment lien encumbering the Tampico Church Road Property in the amount of $9,054.70 as of February 24, 2012, plus accruing interest. JT. STIPS. at ¶¶ 5-6; EX. A. On December 8, 2011, the Debtors filed a number of motions to avoid judicial liens, including the Motion to Avoid Judicial Lien as to the Credit Union, and on January 3, 2012, the court entered separate orders avoiding judicial liens held by FFPM/Carmel Holdings, LVNV Funding, LLC as assignee of HSBC Bank Nevada, N.A., and LVNV Funding, LLC as assignee of Paypal Buyers Credit GE Capital that encumbered the Tampico Church Road Property. JT. STIPS. ¶ 9.

As set forth in the Joint Statement of Issues filed by the parties on February 24, 2012, the court is to resolve the following issues:

> 1. Can a debtor claim a homestead exemption on all or any part of a single parcel of real property that includes two residential dwellings being the principal place of residence for the debtors and their minor children and a second residence that is vacant?
>
> 2. If the debtors can only claim a homestead exemption on the parcel of land and the debtor's [sic] principal place of residence, but not the second residential dwelling that is vacant, what remedy does the creditor have with regards to the second residential dwelling? Does the judicial lien attach to [the] second vacant residential dwelling, and if so, how does it attach?

## II

Upon the filing of their petition, the Debtors' bankruptcy estate, inclusive of all property and interests they owned, was created. 11 U.S.C. § 541 (2006). To facilitate the "fresh start" purpose of bankruptcy relief, the Bankruptcy Code allows debtors to exempt certain property which is subtracted from the bankruptcy estate. 11 U.S.C. § 522(b)(2) (2006); *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003). As is relevant to this contested matter, the Debtors have claimed a homestead exemption in the Tampico Church Road Property under Tennessee Code Annotated § 26-2-301 which provides, in material part:

> (a) An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. . . . . The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.
>
> (b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.

4

> . . . .
>
> (f) Notwithstanding subsection (a) to the contrary, an individual who has one (1) or more minor children in the individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) on real property that is owned by the individual and used by the individual as a principal place of residence.

TENN. CODE ANN. § 26-2-301 (Supp. 2011). Since they are married and have custody of one or more minor children, each of the Debtors is entitled to claim the enhanced $25,000.00 exemption resulting in a total homestead exemption of $50,000.00. *In re Hogue*, 286 S.W.3d 890, 897 (Tenn. 2009).

The Debtors filed their Motion to Avoid Judicial Lien pursuant to 11 U.S.C. § 522(f) which allows debtors to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is — (A) a judicial lien . . .[.]" 11 U.S.C. § 522(f)(1)(A). Whether an exemption is impaired is calculated by the formula set forth in subsection (f)(2):

> (2)(A) for the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —
>
>> (i) the lien;
>>
>> (ii) all other liens on the property; and
>>
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
> (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

11 U.S.C. § 522(f)(2). This formula is "a relatively simple calculation of value minus the sum of other liens, the exemption, and the judicial lien to be avoided. In the event this formula produces a negative number, the judicial lien must be avoided in that amount since this is the extent to which the exemption is impaired." *In re Northern*, 294 B.R. 821, 827 (Bankr. E.D. Tenn. 2003) (quoting *Sheth v. Affiliated Realty & Mgmt. Co. (In re Sheth)*, 225 B.R. 913, 916 (Bankr. N.D. Ill. 1998)); *see also Brinley v. LPP Mortg., Ltd. (In re Brinley)*, 403 F.3d 415, 421 (6th Cir. 2005). In other words, the amount of a judicial lien exceeding the impairment is not avoided, as "partial lien avoidance is appropriate in these circumstances and . . . full avoidance is inconsistent with the language and intent of the statute." *Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 666 (B.A.P. 6th Cir. 1998). As the party seeking to avoid the lien, the Debtors bear the burden of proof by a preponderance of the evidence. *In re Loucks*, 2012 WL 260383, at *1, 2012 Bankr. LEXIS 377, at *3 (Bankr. N.D. Ohio Jan. 27, 2012).

The value of the real property in question "is critical to the calculation[.]" *Loucks*, 2012 WL 260383, at *1, 2012 Bankr. LEXIS 377, at *3. The Bankruptcy Code defines "value" as the "fair market value as of the date of the filing of the petition[,]" 11 U.S.C. § 522(a)(2) (2006); therefore, the petition date is "the operative date for all § 522(f) determinations, including determinations regarding the value of the debtor's property and the value of the liens." *In re Hettinger*, 463 B.R. 835, 837 (Bankr. W.D. Ky. 2011). The parties stipulate that the value of the real property, without the improvements (Real Property), is $17,500.00, the value of the Residence is $95,800.00, and the

6

value of the Farmhouse is $30,400.00.[2] JT. STIPS. at ¶¶ 1-3. The Debtors contend that the value of the Tampico Church Road Property includes all improvements and their $50,000.00 homestead exemption applies to the Real Property as well as to all improvements, namely, the Residence and the Farmhouse. The Credit Union argues that because the homestead exemption applies only to the Real Property and Residence, its lien cannot be avoided and should remain as against the Farmhouse since it does not impair the homestead exemption.

The Credit Union holds a judgment lien on the Tampico Church Road Property through Tennessee Code Annotated § 25-5-101(b), which states that:

> (b)(1) Except as provided in subdivision (b)(2), judgments and decrees obtained from and after July 1, 1967, in any court of record and judgments in excess of five hundred dollars ($500) obtained from and after July 1, 1969, in any court of general sessions of this state shall be liens upon the debtor's land from the time a certified copy of the judgment or decree shall be registered in the lien book in the register's office of the county where the land is located. If such records are kept elsewhere, no lien shall take effect from the rendition of such judgments or decrees unless and until a certified copy of the same is registered as otherwise provided by law.

TENN. CODE ANN. § 25-5-101(b)(1) (Supp. 2011); *see also* TENN. R. CIV. P. 69.07(2) ("A judgment lien against the judgment debtor's realty is created by registering a certified copy of the judgment in the register's office of the county where the realty is located."). A judgment lien "attaches to the judgment debtor's real property from the time a certified copy of the judgment is recorded in the register's office[,]" *Ingle v. Head*, 2007 WL 4530825, at *8, 2007 Tenn. App. LEXIS 801, at *23 (Tenn. Ct. App. Dec. 26, 2007), and is effective for a period of ten years from the date of final judgment. TENN. CODE ANN. § 25-5-105(a) (Supp. 2011); *see also* TENN. R. CIV. P. 69.07(2) ("Once

---

[2] The court has referred to the Real Property, Residence, and Farmhouse collectively as the "Tampico Church Road Property."

a judgment lien is created by registration, it will last for the time remaining in a ten-year period from the date of final judgment entry in the court clerk's office . . . [.]"). Additionally, "[u]pon proper recordation, the judgment also becomes effective against any person having or later acquiring an interest in the debtor's real property regardless of whether that person was a party to the action resulting in the judgment." *ATS, Inc. v. Kent*, 27 S.W.3d 923, 924 (Tenn. Ct. App. 1998) (citing TENN. CODE ANN. § 25-5-101(c)).

The record reflects that the Credit Union obtained a judgment against the Debtors in the amount of $5,379.90 in the Knox County General Sessions Court on February 9, 2005, which was recorded with the Grainger County Register of Deeds on March 1, 2005, thus constituting a judgment lien on any real property owned by the Debtors in Grainger County, Tennessee, on that date or later acquired prior to the lien's expiration. JT. STIPS. at ¶ 5; EX. A; *see also Northern*, 294 B.R. at 825. The judgment lien, however, attaches to and encumbers only real property owned by the Debtors, including the improvements thereon. The fact that the parcel of real property comprising the Tampico Church Road Property includes more than one improvement is immaterial for the purposes of the judgment lien, which does not attach to the individual improvements themselves and cannot be divvied up as the Credit Union seeks to do. Real property is, by definition, "[l]and and anything growing on, attached to, or erected on it . . . ." BLACKS LAW DICTIONARY 7th ed. (1999).[3] In sum,

---

[3] This definition is adhered to in Tennessee Code Annotated § 26-2-301 which, as material to this contested matter, provides at subsection (f) that an individual falling within its provisions "shall be entitled to a homestead exemption . . . on *real property* that is . . . used by the individual as a principal place of residence." (italics added). *See also* TENN. CODE ANN. § 67-5-501(9)(A) (2011) ("'Real property' includes lands, tenements, hereditaments, structures, improvements, . . . and all rights thereto and interests therein, equitable as well as legal[.]").

the value of the Tampico Church Road Property is measured by the Real Property as improved by the Residence and Farmhouse.

With respect to the Debtors' claimed homestead exemption, they are "entitled to a [$50,000.00] homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence." TENN. CODE ANN. § 26-2-301(f). The Credit Union correctly states that debtors cannot claim a homestead exemption in real property that is not used as their principal place of residence. "The exemption is meant to protect the home of any person who owns one; the exemption is no longer an exemption for any real estate." *In re Wilson*, 347 B.R. 880, 885 (Bankr. E.D. Tenn. 2006) (quoting *In re Silvey*, 14 B.R. 905, 908 (Bankr. E.D. Tenn. 1981)). Nevertheless, contrary to the Credit Union's argument, the Tennessee homestead exemption applies as against real property owned by the Debtors, with the caveat that they use the real property as their principal place of residence, which this court has defined as "his or her home, the place where the debtor lives with his family, inclusive of any real property acquired therewith." *Wilson*, 347 B.R. at 885-86. The homestead exemption, however, does not apply simply to a debtor's principal place of residence itself; the "real property" is the necessary prerequisite, and any improvements on the real property upon which a debtor's principal place of residence is located are included within the scope of the homestead exemption. Accordingly, the Debtors are entitled to claim their $50,000.00 homestead exemption in the Tampico Church Road Property as a whole, inclusive of the Real Property, the Residence, and the Farmhouse.

Applying the formula set forth in § 522(f)(2)(A), the following amounts were stipulated by the parties:

    (i) Credit Union's lien            $ 9,054.70

    (ii) all other liens on the property:
    (a) Bank of America mortgage     $96,000.00

    (iii) homestead exemption        $50,000.00

Total of liens & exemption                        $155,054.70

Value of the Tampico Church Road Property        $143,700.00

    Extent of Impairment                  $ 11,354.70

Under this formula, the Debtors may avoid any judicial lien up to $11,354.70, which includes 100% of the Credit Union's lien. *See Northern*, 294 B.R. at 830.

    An Order consistent with this Memorandum will be entered.

FILED: May 15, 2012

                                         BY THE COURT

                                         */s/ RICHARD STAIR, JR.*

                                         RICHARD STAIR, JR.
                                         UNITED STATES BANKRUPTCY JUDGE